

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00413-CR

---

JAMES LEWIS MCGRUDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6939, Counts I, II, III, IV & V; Honorable Ron Enns, Presiding

---

May 12, 2025

## ABATE AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, James Lewis McGruder, appeals his convictions for assault,[1] three counts of burglary,[2] and aggravated assault.[3]  Now pending before this Court is Appellant's "Agreed Motion to Correct and Supplement the Reporter's Record."  In the motion, Appellant contends that the court reporter failed to transcribe several bench

---

[1] *See* TEX. PENAL CODE ANN. § 22.01.

[2] *See* TEX. PENAL CODE ANN. § 30.02.

[3] *See* TEX. PENAL CODE ANN. § 22.02.

conferences during which objections were made and rulings issued. Appellant claims the reporter's record incorrectly reflects that the bench conferences occurred "off the record." He requests that we direct the reporter to correct the alleged inaccuracies by preparing a supplemental reporter's record transcribing the specified bench conferences. *See* TEX. R. APP. P. 34.6(d), (e). The motion is unopposed by the State.

In order to rule on Appellant's motion, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall make findings of fact and conclusions of law on the following matters:

(1)     whether Appellant or the State requested that the reporter be present and record the specified bench conferences;

(2)     whether the reporter was, in fact, present and recorded said bench conferences; and

(3)     whether Appellant or the State objected to the reporter's absence or failure to record any of the bench conferences.

*See* TEX. R. APP. P. 13.1(a) ("The official court reporter or court recorder must, unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings. . ."); *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (holding that a defendant must object to a court reporter's failure to record bench conferences to preserve error on appeal).

The trial court shall convene those hearings it deems necessary to address the aforementioned questions and afford the parties reasonable notice of same. If any such hearing is conducted, the trial court shall cause it to be recorded, transcribed, and filed with the Clerk of this Court; it must be so filed by June 2, 2025. So too shall the trial court issue written findings of fact and conclusions of law addressing the foregoing questions. Said findings shall be included in a

2

supplemental clerk's record. Said supplemental clerk's record must be filed with the clerk of this court by June 2, 2025, as well.

If the trial court finds that the bench conferences in question were not "off the record" and they were recorded, the trial court is further directed to order that the reporter prepare a supplemental reporter's record containing their transcription. The court reporter is then directed to file that transcription on or before June 9, 2025, unless that deadline is otherwise extended by this Court.

All appellate deadlines, including the present deadline to file Appellant's brief, are hereby suspended pending further order of this Court.

It is so ordered.

Per Curiam

Do not publish.